GREENLEAF–JOHNSON LUMBER CO. v. GARRISON, Secretary of War, et al.

(District Court, E. D. Virginia. November 17, 1913.)

1. EMINENT DOMAIN (§ 84*)—IMPROVEMENT OF NAVIGABLE STREAM—TAKING OF PRIVATE PIER.

Where the effect of the widening of the navigable channel of a river by the United States is to change the line of navigability as previously established by state authority, and to partially destroy piers built to such line by a riparian owner under lawful authority, which were themselves built as an aid to commerce and under the law of the state constitute property, the result is a taking of such property within the meaning of the fifth amendment, and the owner is entitled to compensation therefor.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 227–230; Dec. Dig. § 84.*]

2. EMINENT DOMAIN (§ 84*)—RIGHTS OF RIPARIAN OWNER—INCLOSING LOG POND.

The construction of a log pond below low-water mark in a navigable river by making an inclosure through which the water flows does not give a riparian owner any right of property in the water or the soil beneath for which the United States can be required to pay because of the destruction of the pond in improving the navigation of the river.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 227–230; Dec. Dig. § 84.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by the Greenleaf-Johnson Lumber Company against Lindley M. Garrison, Secretary of War, and the United States. On final hearing. Decree for complainant.

L. D. Starke and J. L. Jeffries, both of Norfolk, Va., for complainant.

D. Lawrence Groner, U. S. Atty., of Norfolk, Va., and Hiram M. Smith, Asst. U. S. Atty., of Richmond, Va., for defendant Secretary of War.

WADDILL, District Judge. This cause is now before the court upon the bill and answer, the demurrer having been overruled, upon the proofs orally adduced, with the arguments of counsel thereon, whereupon, it appearing to the court that the case now made is different from that admitted by the pleadings at the hearing on the demurrer, in this: (a) That a doubt is raised as to whether or not the complainant's wharves were placed out into the navigable waters of the Elizabeth river, as at present, pursuant to lawful state authority; and (b) that the character, location, and extent of the so-called log pond is set forth more in detail, and made plainer in the testimony. The conclusions reached are:

[1] (1) That it is fairly inferable from all the testimony that the wharves and piers of the complainant, in the waters of the Elizabeth river, were erected in their present location pursuant to lawful authority, and that there is therefore no reason for changing or modifying the views heretofore expressed as respects this phase of the case. See 204 Fed. 489, 494, where it is said:

"In the judgment of the court, the cases in effect agree that where the interest involved is property, and the same is lawfully in the stream, and what is proposed is to take it, as distinguished from merely injuriously affecting it, it can only be done upon making just compensation therefor. The contrariety of views that apparently prevail grows out of the existence or nonexistence of some one of the conditions indicated, and arises generally in cases injuriously affecting the high lands, or resulting in incidental injury or damage to the same, or to the riparian owner's rights appertaining thereto."

[2] (2) That as to the log pond, the same being a part of the navigable stream of the Elizabeth river, the waters of which flow in and out of said pond, through floodgates at either end thereof, the complainant, as against the government, has acquired in such waters below low-water mark and in the lands beneath the same over which the water flows no title in or right thereto for which the government should pay in using the same in connection with river and harbor improvements.